Ingraham, J.
The charges of collusion are disproved by. the affidavits of Sage & Boughton, and the judgment cannot be *271 interfered with on that ground. The difficulty in sustaining the judgment is that the committee exceeded their powers and decided matters not submitted to them. Although the statute designates frauds, collusion, or corruption of the arbitrators as the oidy reasons for setting aside the judgment,- yet that does not refer to jurisdiction. If the committee had no jurisdiction, the award cannot be sustained.- Suppose no submission had been made, and the committee had made an award on which judgment was entered, no one would pretend that it could not be vacated. So where- the submission was of one matter and the arbitrators decided upon other matters, the award would be void.
In the present case the parties submitted to the committee the question whether three hundred barrels of flour delivered by the plaintiffs to the defendants were equal to the sample, and whether the defendants should accept the same under the contract. The first award conimunicated to the parties, was in accordance with the submission, but from some informality it was treated as a nullity, and the committee made a new award, finding, first, that there was little or no difference, not enough to warrant a rejection of the flour; then, as the defendants had refused to pay for the flour, they awarded to the plaintiffs, damages for refusing to take it at the difference between the price agreed on and the market price on the day fixed in the contract for payment. This question was not submitted to the arbitrators, and they had no authority to pass upon it. If the parties did not comply with the award, it could have been enforced by a judgment or by an action for damages, but -the committee exceeded their powers in assessing the damages for refusal.
The motion must be granted.